## Mango v. Mango

*Anthony J. Smith*, for plaintiff.

*William T. Connor*, for defendant.

Bok, P. J., October 15, 1952.—This is a petition by a wife defendant in a divorce case to refer the case back to the master in order to allow her to present a defense.

The petition must be denied.

In the ordinary case, which this is not, public policy gives such a petition an almost overwhelming impetus. Here the petition was filed on October 6, 1952, and the final rule was on our motion list for October 10th. The master's report was filed August 20th.

The master held two hearings, one on June 23, 1952, and the other on July 18th. Defendant appeared at the earlier hearing unrepresented and in effect requested time in which to get a lawyer. The master

then set the date of July 18th for a second hearing, and Mr. Connor's appearance for defendant was filed on July 2nd. By letter dated July 2nd, Mr. Connor advised the master that defendant did not care to contest the case, and the hearing was accordingly held without her.

It appears also that on July 15th defendant's rule was made absolute for $250 counsel fee and a lump sum of $1,250 for alimony pendente lite.

In the testimony reference was made, rather vaguely, to a previous divorce action brought by defendant. A search of the court records and examination of the papers in that case reveal that such suit was brought in Court of Common Pleas No. 3, as of March term, 1948, no. 4020. The master recommended a dismissal of the complaint, and court no. 3 approved the master's report and dismissed the complaint on April 20, 1951.

The present action was begun by complaint filed on September 29, 1951.

This history of the proceedings impeaches the good faith of the instant petition. Unsuccessful in a full divorce action, defendant not only failed to file an answer in the present one but having asked and been given time to get a lawyer decided not to contest. Thereafter she received $1,500 by rule, and filed no exceptions to the master's report. Only at the very last minute does she ask to offer a defense, but her actions convince us that her request is not sincere. We also note the reaction of the master in the earlier action to defendant's testimony as a plaintiff:

"The master . . . was not impressed with its sincerity, accuracy, or truthfulness. . . . Plaintiff was in turn irresponsive, imperious, contradictory, incoherent, and rambling . . . and regarded (the hearing) as but a technical and annoying formality."

The petition is denied.